**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

June 7, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Timothy E. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-975-CDA

Dear Counsel:

On April 11, 2023, Plaintiff Timothy E. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 16, 17). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on October 19, 2017, alleging a disability onset of October 1, 2017. Tr. 204–09. Plaintiff's claim was denied initially and on reconsideration. Tr. 132–35, 139–42. On August 19, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–87. On November 29, 2019, the ALJ determined that, under the Social Security Act,[2] Plaintiff became disabled on May 28, 2019. Tr. 12–34. The Appeals Council denied Plaintiff's request for review of the decision. Tr. 1–6.

After Plaintiff petitioned this Court for review, the Court remanded the case to the SSA with the consent of the parties. *See Timothy E. v. Kijakazi*, No. JMC-20-2462 (D. Md. remanded Oct. 7, 2021). On remand, the Appeals Council vacated the November 29, 2019 decision and remanded the case to the ALJ. Tr. 872–78. A second hearing was held on October 20, 2022. Tr. 825–71. On February 1, 2023, the ALJ determined that Plaintiff was not disabled under the

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on April 11, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, the Court substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

Social Security Act from October 19, 2017 to May 28, 2019. Tr. 802–24. Because Plaintiff filed no exceptions with the Appeals Council, and because the Appeals Council did not otherwise assume jurisdiction, the ALJ's February 1, 2023 decision is the final, reviewable decision of the SSA. *See* 20 C.F.R. § 416.1484(d).

## II.   THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity from October 19, 2017 through May 28, 2019. Tr. 808. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "Degenerative Disc Disease (Lumbar), Personality Disorder, Depression, Anxiety, Post-Traumatic Stress disorder (PTSD), and disorder of the right leg/knee." *Id*. The ALJ also determined that Plaintiff suffered from the following non-severe impairments: "Arthritis of the left wrist, Hepatitis C, sciatica, and substance abuse disorder." *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except is able to stand/walk up to 4 hours in an 8-hour workday and able to sit up to 6 hours in an 8-hour workday. Is occasionally able to climb ramps or stairs, never able to climb ladders, ropes or scaffolds, and occasionally able to balance, stoop, kneel, crouch or crawl. Must avoid concentrated exposure to extreme cold, avoid concentrated exposure to vibration, and avoid work at unprotected heights. Is able to understand and carry out simple instructions and routine, repetitive tasks. Must avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). Is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off-task. However, time off task can be accommodated with normal breaks. Is occasionally able to change activities or work settings during the workday without being disruptive. Is occasionally able to deal with changes in a routine work setting. Is able to have occasional interaction with supervisors, co-workers and/or the general public[.]

Tr. 811.  The ALJ found that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy, including the job of optical lens matcher (DOT[3] #713.687-030), final inspector (DOT #727.687-054), and inspector/hand packager (DOT #559.687-074).  Tr. 817–18.  The ALJ concluded that Plaintiff was not disabled from October 19, 2017 to May 28, 2019.  Tr. 805, 818.

### III.  LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]"  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance."  *Id*.  In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

### IV.  ANALYSIS

Plaintiff argues that the RFC assessment fails to comply with Social Security Ruling ("SSR") 96-8p because the ALJ failed to properly assess "limitations or restrictions that would narrow the ranges and types of work that Plaintiff may be able to do."  ECF 12, at 9.  Because the record contains evidence that Plaintiff "suffers limitations with understanding and remembering 'detailed' instructions," and because the ALJ "overlooked" this evidence, Plaintiff contends that remand is warranted.  *Id.* at 9–13.  Defendant counters that the RFC assessment "properly addressed Plaintiff's mental limitations in a manner consistent with the evidence and allowed for proper review by this Court."  ECF 16, at 7.

A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a).  When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945."  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  The SSA's regulations classify the ability to "understand[], remember[], and carry[] out instructions" as a mental ability which, if limited, "may

---

[3] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 416.945(c).

After carefully reviewing the record, the Court determines that the ALJ erred in assessing Plaintiff's RFC. On January 25, 2018, Dr. Maurice Prout conducted a mental RFC assessment of Plaintiff. Tr. 107–09. Dr. Prout determined that Plaintiff had "sustained concentration and persistence limitations[.]" Tr. 108. He opined that Plaintiff's ability to "carry out detailed instructions" was "[m]oderately limited[.]" *Id.* On June 20, 2018, Dr. Emanuel Schnepp conducted his own mental RFC assessment of Plaintiff. Tr. 125–28. Like Dr. Prout, Dr. Schnepp found that Plaintiff had "sustained concentration and persistence limitations" and that Plaintiff's ability to "carry out detailed instructions" was "[m]oderately limited[.]" Tr. 126. He also opined that Plaintiff retained the capacity to "carry out short and simple instructions." *Id.*

Like Drs. Prout and Schnepp, the ALJ found Plaintiff to possess limitations in maintaining concentration and persistence. *See* Tr. 809 (finding the limitations to be "moderate"). After "consider[ing] the determinations" of Drs. Prout and Schnepp, the ALJ found their findings to be "partially persuasive." Tr. 815–16. The ALJ provided the following evaluation of the opinions:

> The undersigned agrees with the moderate limitations in his ability to interact with others and concentrate, persist, or maintain pace as they are consistent with the claimant's complaints of difficulty and not always getting along with other people (Hearing Testimony and Exh. 5F/3). However, the undersigned finds that evidence that the claimant was able to remember one out of three items during memory testing, as well as his testimony that he has issues with his memory supports a moderate limitation in understanding, remembering, or applying information (Hearing Testimony and 5F/2). Further, the undersigned finds that the claimant's reports that he does not handle stress well support a moderate limitation in adapting or managing oneself (Exh. 8E/7).

Tr. 816. In the RFC assessment, the ALJ concluded that Plaintiff could "understand and carry out simple instructions[.]" Tr. 811.

A careful review of the ALJ's decision reveals that the ALJ contravened SSR 96-8p by failing to assess Plaintiff's ability to carry out instructions. Although the ALJ properly assessed Plaintiff's degree of limitation in the "broad categor[y]" of concentration, persistence, and pace, such a finding is distinct from the "more detailed" function-by-function assessment of mental RFC that SSR 96-8p requires. SSR 96-8p, 1996 WL 374184, at *4. Specifically, SSR 96-8p requires an ALJ to "itemiz[e] various functions *contained* in the broad categories" of mental functioning when assessing RFC. *Id.* (emphasis added). The ALJ here did not provide such an analysis with respect to Plaintiff's ability to carry out instructions. Nor did the ALJ clarify whether the limitation to "short" instructions opined by Dr. Schnepp was persuasive. *See* Tr. 816. Thus, the Court is unable to discern the ALJ's rationale for finding that Plaintiff could "understand and carry out simple instructions[.]" Tr. 811.

The Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th

Cir. 2015). However, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021).

Here, the ALJ's contravention of SSR 96-8p affected their subsequent conclusions, thus warranting remand. At step five, the ALJ relied on the testimony of a vocational expert to determine that Plaintiff could perform three jobs: optical lens matcher, final inspector, and inspector/hand packager. Tr. 818. The DOT describes these jobs as requiring "Level 2" reasoning, which entails the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." 713.687-030 LENS MATCHER, 1991 WL 679274 (1991); 727.687-054 FINAL INSPECTOR, 1991 WL 679672 (1991); 559.687-074 INSPECTOR AND HAND PACKAGER, 1991 WL 683797 (1991). The Fourth Circuit has held, however, that an "apparent conflict" exists between a limitation to "short, simple instructions" and a need to carry out "'detailed but uninvolved . . . instructions' (as found in jobs requiring Level 2 reasoning)." *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019) (omission in original); *accord Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) ("'Short' is inconsistent with 'detailed' because detail and length are highly correlated. Generally, the longer the instructions, the more detail they can include.").

Because a limitation to following short instructions would conflict with the jobs identified at step five, Plaintiff's ability to follow instructions is a "relevant" function with respect to the analysis required by SSR 96-8p. *Dowling*, 986 F.3d at 389. Despite the function's relevance to the outcome of this case, the ALJ failed to assess it, leaving the Court unable to determine whether a limitation to following short instructions was properly omitted from the RFC. "Because [the Court is] left to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform [a] relevant function[,] remand is necessary." *Mascio*, 780 F.3d at 637. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge